Dear Representative Young:
This opinion is in response to your question asking as follows:
 "1. Can the three versions of section 483.082, RSMo, be read together, and if not, which version is controlling?
 "2. Is section 483.285, RSMo, currently in effect, and if so, can the two versions of it be read together, and if not, which version controls?
 "3. Can the two versions of section 483.083, RSMo, be read together, and if not, which version is controlling? If the version enacted by House Bill No. 1634 of the 79th General Assembly controls, what is the legal effect of the conflict between it and the two versions of section 483.285, RSMo?"
You also state:
 "1. Three versions of section 483.082, RSMo, were passed by the 79th General Assembly. These versions were contained in the following bills:
a. Senate Bill 775, 79th General Assembly
 b. House Bill 1121 and 1275, 79th General Assembly
c. House Bill 1634, 79th General Assembly
 "2. Section 483.285, RSMo, was repealed by House Bill 1634, but two other bills enacted two new versions of section 483.285. These bills were
a. Senate Bill 775, 79th General Assembly
b. Senate Bill 848, 79th General Assembly
 "3. Section 483.083, RSMo, subsection 8, as enacted by House Bill 1634, 79th General Assembly, conflicts with the two versions of section 483.285, RSMo, referred to above. Section 483.083, RSMo, as enacted by House Bill 1121 and 1257 of the 79th General Assembly does not contain this conflicting provision."
Section 483.082, RSMo Supp. 1975, provided:
 "1. Notwithstanding the provision of any other statute to the contrary, it shall be the duty of the clerks of the circuit courts, the circuit clerk-ex officio recorder of deeds or the clerk of court of common pleas of this state to keep, as the case may be, such records of the circuit courts and in such a manner as may be directed by rule of the supreme court so that they shall accurately record all essential matters relating to the causes and matters within the jurisdiction of the court which are and have been pending before the court, including pleadings, motions and related documents, transactions, orders and judgments or decrees related thereto showing the course and disposition of causes and matters, the taxing and collection of court costs, and the setting of trial calendars or dockets of pending cases.
 "2. Recognizing that improved methods and systems of keeping records and data have been and will continue to be developed from time to time and that the clerks of the circuit courts of this state should be empowered to utilize improved methods, systems and techniques of keeping records of essential matters, and notwithstanding the provisions of any other statute to the contrary, the methods, form and systems of keeping all such files and records shall be as directed and approved by rule of the supreme court.
 "3. The circuit clerk in any county comprised wholly of a city with a population of over six hundred thousand, and the circuit clerk, the circuit clerk-ex officio recorder of deeds, or the clerk of court of common pleas, as the case may be, in all counties except counties of the first class having a charter form of government and not containing a city of over four hundred thousand population and counties of the first class shall receive additional compensation for the services performed by him under sections 109.140
and 483.082 the additional compensation which shall be computed on a combination population-assessed valuation basis as set forth in the following schedule:
Population Salary Assessed Valuation Salary
2,000 to 3,000 $775.00 0 to 10 million $450.00
* * *
 "4. The population factor shall be as disclosed by the last preceding federal decennial census and the assessed valuation factor shall be the amount thereof as shown for the year next preceding the computation. Payment of the compensation provided for herein shall be payable in equal monthly installments by the county."
House Bills Nos. 1121 and 1257 among other things repealed Section483.082, RSMo Supp. 1975, and enacted a new section with the same number which provides:
 "1. Notwithstanding the provisions of any other statute to the contrary, it shall be the duty of the clerks of all courts to keep such records of the courts and in such a manner as may be directed by rule of the supreme court so that they shall accurately record all essential matters relating to the causes and matters within the jurisdiction of the court which are and have been pending before the court, including pleadings, motions and related documents, transactions, orders and judgments or decrees related thereto showing the course and disposition of causes and matters, the taxing and collection of court costs, and the setting of trial calendars or dockets of pending cases.
 "2. Recognizing that improved methods and systems of keeping records and data have been and will continue to be developed from time to time and that all court clerks should be empowered to utilize improved methods, systems and techniques of keeping records of essential matters, and notwithstanding the provisions of any other statute to the contrary, the methods, form and systems of keeping all such files and records shall be as directed and approved by rule of the supreme court."
House Bills Nos. 1121 and 1257 also enacted a new section numbered as Section 483.083, providing as follows:
 "1. Circuit clerks shall be entitled to the aggregate of the compensation set forth in this section.
 "2. In addition to compensation otherwise provided, the circuit clerk of the city of St. Louis and the circuit clerk or the circuit clerk-ex officio recorder of deeds in all counties except counties of the first class shall receive compensation which shall be computed on a combination population-assessed valuation basis as set forth in the following schedule:
Population Salary Assessed Valuation Salary
2,000 to 3,000 $3875.00 Less than 10 million $6750.00
* * *
 the population factor shall be as disclosed by the last preceding federal decennial census and the assessed valuation factor shall be the amount thereof as shown for the year next preceding the computation.
 "3. In addition to the compensation otherwise provided, the circuit clerk of the city of St. Louis shall receive the sum of fifteen hundred dollars per year.
 "4. In addition to compensation otherwise provided, the circuit clerk in any county of the second class [where] court is held in two cities shall receive the sum of three thousand dollars per year.
 "5. In addition to the compensation otherwise provided, the circuit clerk serving district no. 1 of the circuit court of Marion county and the clerk serving district no. 2 of the circuit court of Marion county shall each receive the sum of fifteen hundred dollars per year. In the event the judge orders child support payments in Marion county to be made through the clerk, the clerk shall annually on or before February first of each year charge ten dollars per year to each such person so obligated to make child support payments, which fees shall be paid to the county general revenue fund for so long as such clerk is paid by the county and shall be paid to the state if such clerk is paid by the state.
 "6. In addition to compensation otherwise provided, the clerk of district number 2 of the circuit court of Marion County shall receive the sum of two thousand dollars per year.
 "7. In addition to the compensation otherwise provided, the clerk of district number 2 of the circuit court of Marion County and the circuit clerk of Cape Girardeau County shall receive the sum of three hundred dollars per year.
 "8. Compensation payable to circuit clerks in first class counties shall be payable as otherwise provided by law.
 "9. Payment of the compensation provided in this section shall be payable in equal monthly installments, except that the salary of the circuit clerk of the city of St. Louis shall be paid in semimonthly installments.
 "10. The compensation provided in this section shall be in lieu of all fees, and all fees collected shall be paid over to the state or to the counties and the city of St. Louis as otherwise provided by law.
 "11. The repeal of sections 50.336, 483.250, 483.351, 483.455, and 483.470 shall be effective December 3, [sic] 1978. The repeal and reenactment of section 483.082 shall be effective December 31, 1978. Section 483.083 shall become effective December 31, 1978."
House Bill No. 1634 repealed Section 483.082, RSMo Supp. 1975, and enacted a new section with the same number providing as follows:
 "1. Notwithstanding the provisions of any other statute to the contrary, it shall be the duty of the clerks of all courts to keep such records of the courts and in such a manner as may be directed by rule of the supreme court so that they shall accurately record all essential matters relating to the causes and matters within the jurisdiction of the court which are and have been pending before the court, including pleadings, motions and related documents, transactions, orders and judgments or decrees related thereto showing the course and disposition of causes and matters, the taxing and collection of court costs, and the setting of trial calendars or dockets of pending cases.
 "2. Recognizing that improved methods and systems of keeping records and data have been and will continue to be developed from time to time and that all court clerks should be empowered to utilize improved methods, systems and techniques of keeping records of essential matters, and notwithstanding the provisions of any other statute to the contrary, the methods, form and systems of keeping all such files and records shall be as directed and approved by rule of the supreme court."
House Bill No. 1634 also enacted a new section, Section483.083, which provides:
 "1. Circuit clerks shall be entitled to the aggregate of the compensation set forth in this section.
 "2. In addition to compensation otherwise provided, the circuit clerk of the city of St. Louis and the circuit clerk or the circuit clerk-ex officio recorder of deeds in all counties except counties of the first class shall receive compensation which shall be computed on a combination population-assessed valuation basis as set forth in the following schedule:
 Population Salary Assessed Valuation Salary
2,000 to 3,000 $3875.00 Less than $ 10 million $6750.00
* * *
 The population factor shall be as disclosed by the last preceding federal decennial census and the assessed valuation factor shall be the amount thereof as shown for the year next preceding the computation.
 "3. In addition to the compensation otherwise provided, the circuit clerk of the city of St. Louis shall receive the sum of fifteen hundred dollars per year.
 "4. In addition to compensation otherwise provided, the circuit clerk in any county of the second class [where] court is held in two cities shall receive the sum of three thousand dollars per year.
 "5. In addition to the compensation otherwise provided, the circuit clerk serving district no. 1 of the circuit court of Marion county and the clerk serving district no. 2 of the circuit court of Marion county shall each receive the sum of fifteen hundred dollars per year. In the event the judge orders child support payments in Marion county to be made through the clerk, the clerk shall annually on or before February first of each year charge ten dollars per year to each such person so obligated to make child support payments, which fee shall be paid to the county general revenue fund for so long as such clerk is paid by the county and shall be paid to the state if such clerk is paid by the state.
 "6. In addition to compensation otherwise provided, the clerk of district number 2 of the circuit court of Marion county shall receive the sum of two thousand dollars per year.
 "7. In addition to the compensation otherwise provided, the clerk of district number 2 of the circuit court of Marion county and the circuit clerk of Cape Girardeau county shall receive the sum of three hundred dollars per year.
 "8. (1) In counties of the first class not having a charter form of government for which compensation for the circuit clerk is not otherwise provided in this section, each circuit clerk shall receive the sum of twenty-two thousand dollars per year.
 (2) Notwithstanding the foregoing provisions of this section the circuit clerk in counties of the first class not having a charter form of government and not [now] having more than one hundred fifty thousand and less than two hundred thousand inhabitants shall receive an annual salary of twenty-two thousand dollars as his total compensation for all services performed by him. Twelve thousand dollars shall be paid by the state in lieu of the salary formerly paid to the chief magistrate clerk whose former duties shall be performed by such circuit clerk notwithstanding the other provisions of chapter 483, RSMo, and until June 30, 1980, ten thousand dollars shall be paid by such county and thereafter such ten thousand dollars shall also be paid by the state.
 "9. Payment of the compensation provided in this section shall be payable in equal monthly installments, except that the salary of the circuit clerk of the city of St. Louis shall be paid in semimonthly installments. The compensation of all circuit clerks shall be paid by the counties and the city of St. Louis until June 30, 1980. From and after July 1, 1980, the compensation of all circuit clerks shall be paid by the state and they shall be considered state employees for all purposes except the manner of their selection, appointment or removal from office; provided, however, that the circuit clerk of St. Louis county and the court administrator of Jackson county shall continue to be paid by those counties and shall not become state employees, but St. Louis county and Jackson county shall each be paid an amount which is equivalent to a circuit clerk's salary as provided in subsection 3 of section 483.015.
 "10. The compensation provided in this section shall be in lieu of all fees, and all fees collected shall be paid over to the state or to the counties and the city of St. Louis as otherwise provided by law."
Senate Bill No. 775 of the Second Regular Session, 79th General Assembly, also repealed Section 483.082, RSMo Supp. 1975, and enacted a new section with the same number providing as follows:
 "1. Notwithstanding the provision of any other statute to the contrary, it shall be the duty of the clerks of the circuit courts, the circuit clerk-ex officio recorder of deeds or the clerk of court of common pleas of this state to keep, as the case may be, such records of the circuit courts and in such a manner as may be directed by rule of the supreme court so that they shall accurately record all essential matters relating to the causes and matters within the jurisdiction of the court which are and have been pending before the court, including pleadings, motions and related documents, transactions, orders and judgments or decrees related thereto showing the course and disposition of causes and matters, the taxing and collection of court costs, and the setting of trial calendars or dockets of pending cases.
 "2. Recognizing that improved methods and systems of keeping records and data have been and will continue to be developed from time to time and that the clerks of the circuit courts of this state should be empowered to utilize improved methods, systems and techniques of keeping records of essential matters, and notwithstanding the provisions of any other statute to the contrary, the methods, form and systems of keeping all such files and records shall be as directed and approved by rule of the supreme court.
 "3. Except in counties of the first class not having a charter form of government and counties of the first class having a charter form of government and not containing a city with a population of over four hundred thousand inhabitants, the circuit clerk in any county comprised wholly of a city with a population of over six hundred thousand, and the circuit clerk, the circuit clerk-ex officio recorder of deeds, or the clerk of court of common pleas, as the case may be, in all other counties shall receive additional compensation for the services performed by him under sections 109.140, RSMo, and 483.082 the additional compensation which shall be computed on a combination population-assessed valuation basis as set forth in the following schedule:
 Population Salary Assessed Valuation Salary
2,000 to 3,000 $775.00 0 to 10 million $450.00
* * *
 "4. The population factor shall be as disclosed by the last preceding federal decennial census and the assessed valuation factor shall be the amount thereof as shown for the year next preceding the computation. Payment of the compensation provided for herein shall be payable in equal monthly installments by the county."
Section 483.285, RSMo Supp. 1975, provided as follows:
 "Notwithstanding the provisions of section 50.334, RSMo, each circuit clerk in counties of the first class not having a charter form of government shall receive as compensation for services performed by him an annual salary in an amount of sixteen thousand five hundred dollars."
Section 483.285, RSMo Supp. 1975, was repealed and reenacted by Senate Bill No. 775, the same bill which repealed and amended Section 483.082. This version of Section 483.285 provides:
 "Notwithstanding the provisions of section 50.334, RSMo, each circuit clerk in counties of the first class not having a charter form of government shall receive as compensation for services performed by him an annual salary in an amount of twenty-two thousand dollars."
Senate Bill No. 848 of the Second Regular Session, 79th General Assembly, also repealed Section 483.285, RSMo Supp. 1975, and enacted a new section with the same number providing as follows:
 "Notwithstanding the provisions of section 50.334, RSMo, each circuit clerk in counties of the first class not having a charter form of government shall receive an annual salary of sixteen thousand five hundred dollars, except that in each county of this state now [compare the apparently erroneous use of the word "not" in Section 483.083.8(2), HB 1634] or hereafter having more than one hundred fifty thousand and less than two hundred thousand inhabitants the circuit clerk shall receive an annual salary of twenty-two thousand dollars as his total compensation for all services performed by him. Twelve thousand dollars of such salary shall be paid by the state in lieu of the salary formerly paid to the chief magistrate clerk whose former duties shall be performed by such circuit clerk, and ten thousand dollars shall be paid by such county."
Under Section B of House Bill No. 1634 such act is effective on January 2, 1979, except as expressly provided. Subsection 2 of Section B expressly provides that the provisions of subdivision (2) of subsection 8 of Section 483.083 become effective December 31, 1978. Subsection 11 of Section B of House Bill No. 1634 expressly provides that the provisions of subdivision (1) of subsection 8 of Section 483.083 become effective December 31, 1978.
Sections 483.082 and 483.083 as enacted by House Bills Nos. 1121 and 1257 expressly became effective December 31, 1978.
Section 483.285 as enacted by Senate Bill No. 848 expressly became effective December 31, 1978.
Section 483.285, as amended by Senate Bill No. 775, literally effective August 13, 1978, increased the compensation of the circuit clerk in counties of the first class not having a charter form of government to twenty-two thousand dollars. However, such increase in compensation could not take effect until the beginning of the next term of such clerks, January 1, 1979, because the provisions of Section 13 of Article VII of the Missouri Constitution prohibit an increase in such officer's compensation during such officer's term.
Section 483.285, as amended by Senate Bill No. 848, was similar to repealed Section 483.285 insofar as it provided for an annual salary of sixteen thousand five hundred dollars for circuit clerks in counties of the first class not having a charter form of government but added new matter following such provision which provided that except that in each county of this state now or hereafter having more than one hundred fifty thousand and less than two hundred thousand inhabitants the circuit clerk shall receive an annual salary of twenty-two thousand dollars and also added the provision that twelve thousand dollars of such salary shall be paid by the state in lieu of the salary formerly paid to the chief magistrate clerk whose former duties shall be performed by such circuit clerk and ten thousand dollars shall be paid by such county.
The provisions of Senate Bill No. 848 are similar to those contained in the provisions of subsection 8 of Section 483.083, as amended by House Bill No. 1634, which repealed Section 483.285, RSMo Supp. 1975, except that the salary provided for in House Bill No. 1634 for the circuit clerk in counties of the first class not having a charter form of government and "not" [sic] having more than one hundred fifty thousand and less than two hundred thousand inhabitants is twenty-two thousand dollars instead of sixteen thousand five hundred dollars. In addition such provisions of subdivision 2 added the language providing that ten thousand dollars of the compensation would be paid by the county until June 30, 1980, and thereafter, such sum shall also be paid by the state in addition to the twelve thousand dollars paid by the state.
House Bills Nos. 1121 and 1257 did not contain provisions similar to Senate Bill No. 848 or subsection 8 of Section 483.083
of House Bill No. 1634. Subsection 8 of Section 483.083, of House Bills Nos. 1121 and 1257 however, provided that compensation payable to circuit clerks in first class counties shall be payable as otherwise provided by law. House Bills Nos. 1121 and 1257 did not repeal or purport to reenact Section 483.285.
Subsection 8 of Section B of the schedule of House Bill No. 1634 also provides:
 "In the event of the passage of an act at the Second Regular Session of the 79th General Assembly which provides for an increase or decrease in the amount of compensation to be paid to an official whose salary is specified in sections contained within this act, the amount of such increased or decreased compensation provided in any such separate enactment shall be effective from and after January 2, 1979, notwithstanding the provisions of this act."
Insofar as clerks in first class counties not having a charter form of government are concerned, it is our view that the provisions of Senate Bill No. 775, increasing the compensation to twenty-two thousand dollars, will control over the provisions of Senate Bill No. 848 relating to compensation of sixteen thousand five hundred dollars because the higher figure was an increase provided for in Senate Bill No. 775 whereas the lower figure in Senate Bill No. 848 was merely a reiteration of the compensation provided for in the repealed section. This theory of interpretation is consistent with the construction we adopted in our Opinion No. 194-1978, which for the sake of brevity we have not enclosed because such opinion is not otherwise relevant here.
It follows, in our view, that the provisions of House Bill No. 1634 which restate the changes found in both Senate Bill No. 775 and Senate Bill No. 848 with respect to such clerks in counties of the first class not having a charter form of government, Section483.082.8(1)(2), can be accepted as a proper restatement of such changes. Since House Bill No. 1634 does not of itself increase the salary figures but merely restates the salary figures provided in Senate Bill No. 775, the provisions of subsection 8 of Section B of the schedule of House Bill No. 1634, supra, are not violated by such a construction.
As you have noted, Section 483.082, RSMo Supp. 1975, was amended by three different bills enacted in the Second Regular Session, 79th General Assembly. The amendment made by Senate Bill No. 775, which was literally effective August 13, 1978, merely related to the matter contained in old paragraph three of Section 483.082, RSMo Supp. 1975, relative to certain first class counties. However, the old partial pay schedule was continued.
It should also be noted that Section 50.334, RSMo Supp. 1975, which provided for compensation for recorders of deeds, circuit clerks, circuit clerks-ex officio recorder of deeds and the clerks of the court of common pleas in counties having a population of less than five hundred thousand and an assessed valuation as prescribed in that section was repealed and reenacted by both House Bills Nos. 1121 and 1257 and House Bill No. 1634. Such section was not affected by the enactments of Senate Bill No. 775 or Senate Bill No. 848. In both House Bills Nos. 1121 and 1257 and House Bill No. 1634 Section 50.334 was reenacted to pertain only to the recorder of deeds having an office separate from that of the circuit clerk in all counties except counties of the first class having a population of less than five hundred thousand and an assessed valuation as prescribed. The first paragraphs of the amendments of both House Bills Nos. 1121 and 1257 and House Bill No. 1634 to that section are identical, although the compensation computed on a combination of population-assessed valuation differs. Section 50.334, as enacted by House Bills Nos. 1121 and 1257, was literally effective December 31, 1978, and Section 50.334 of House Bill No. 1634 was literally effective January 2, 1979. It is obvious that the effect of the repeal of Section 50.334 by House Bills Nos. 1121 and 1257 and House Bill No. 1634 was to remove the circuit clerk from the compensation provisions of that section. While it therefore is not pertinent to your inquiry with respect to the compensation for circuit clerks to discuss Section 50.334 as amended further, we note that these amendments make it clear that the circuit clerks no longer come within the provisions of Section 50.334. We do not determine the effect of either reenactment with respect to the compensation of the recorder of deeds who come within the provisions of such sections.
House Bills Nos. 1121 and 1257 also repealed Section 483.082, RSMo Supp. 1975, and split that section into two amended sections, one bearing the old number 483.082 and another bearing a new number 483.083. As we have noted, the amendments to those sections were literally effective December 31, 1978.
House Bill No. 1634 also repealed Section 483.082, RSMo Supp. 1975, and also split that section, with amendments, into two sections bearing the numbers 483.082 and 483.083. Section483.082 as enacted by House Bills Nos. 1121 and 1257 is identical to Section 483.082 as enacted by House Bill No. 1634.
Section 483.083 of House Bills Nos. 1121 and 1257 contained the same matter as contained in said section in House Bill No. 1634 through subsection 7 of Section 483.083, of House Bills Nos. 1121 and 1257 and subsection 7 of Section 483.083, of House Bill 1634. Likewise both sections of such bills contain an identical subsection 10 with respect to the payments of fees to the state or the county and are identical with respect to that part of subsection 9 of both bills providing for the payment of compensation in equal monthly installments and that the salary of the circuit clerk of the City of St. Louis shall be paid in semimonthly installments. The differences in the two bills stem largely from the coverage by House Bill No. 1634 of the subject matter previously covered in repealed Section 483.285 relating to such clerk's compensation in counties of the first class not having a charter form of government and with respect to additional matter added in subsection 9 relating to the provisions respecting payment by the state or the county as the case may be.
There is no obvious conflict between Sections 483.083 as enacted by House Bills Nos. 1121 and 1257 and House Bill No. 1634. Both bills clearly set out a new pay schedule applicable to such clerks. Clearly, also, the pay schedule set out in Section483.082 of Senate Bill No. 775 for circuit clerks was a continuation of the schedule contained in the repealed law and cannot be harmonized with the amendments, we have noted, of House Bills Nos. 1121 and 1257 and House Bill No. 1634.
Under the circumstances the amendments made to Section483.082 by Senate Bill No. 775 should be disregarded and the provisions of Sections 483.082 and 483.083 as contained in House Bills Nos. 1121 and 1257 and House Bill No. 1634 should be given effect.
The circuit clerks were elected at the general election in 1978 and took office on the first Monday in January (January 1, 1979) following their election under Section 483.015, RSMo Supp. 1975, repealed as of January 2, 1979. The compensation provided for such clerks in House Bill No. 1634 was derived in part from Section 483.285, as amended by Senate Bill No. 775 and from House Bills Nos. 1121 and 1257. Therefore, because such provisions were not dependent solely on the provisions of House Bill No. 1634, they took effect at the beginning of such officers' terms.
CONCLUSION
It is therefore the opinion of this office that the compensation provided for circuit clerks is set out in Section 483.083 of House Bill No. 1634 of the 79th General Assembly and is effective beginning with the January 1, 1979, term of such incumbents.
The foregoing opinion which I hereby approve, was prepared by my assistant, John C. Klaffenbach.
Very truly yours,
 JOHN ASHCROFT Attorney General